**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2284**

SYLVIE MEYET,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-290-013)

Submitted: February 16, 2007          Decided: March 19, 2007

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Matthew R. Oakes, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvie Meyet, a native and citizen of Gabon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We treat the immigration judge's reasoning as that of the Board's in our review. Haoua v. Gonzales, 472 F.3d 227, 231 (4th Cir. 2007) (citing Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004)).

Meyet challenges the Board's finding that her testimony was not credible and that she otherwise failed to meet her burden of proving her eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Meyet failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden

of proof is on the alien to establish eligibility for asylum);
INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover,
as Meyet cannot sustain her burden on the asylum claim, she cannot
establish her entitlement to withholding of removal. See Camara,
378 F.3d at 367 ("Because the burden of proof for withholding of
removal is higher than for asylum--even though the facts that must
be proved are the same--an applicant who is ineligible for asylum
is necessarily ineligible for withholding of removal under [8
U.S.C.] § 1231(b)(3).").

Meyet did not present an argument concerning the denial
of protection under the Convention Against Torture to the Board.
We lack jurisdiction over any claim that was not administratively
exhausted. 8 U.S.C. § 1252(d)(1) (2000); Gandziami-Mickhou v.
Gonzales, 445 F.3d 351, 359 n.2 (4th Cir. 2006) (citing Asika v.
Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004)).

We also lack jurisdiction to review Meyet's challenge to
the denial of voluntary departure. See 8 U.S.C. § 1229c(f) (2000)
("No court shall have jurisdiction over an appeal from denial of a
request for an order of voluntary departure . . . ."); 8 U.S.C.
§ 1252(a)(2)(B)(i) (2000) ("[N]o court shall have jurisdiction to
review any judgment regarding the granting of relief under section
. . . 1229c [the section governing voluntary departure]."); see
also Ngarurih v. Ashcroft, 371 F.3d 182, 193 (4th Cir. 2004)
("Section 1229c specifically precludes review of a denial of a

request for voluntary departure . . . . Likewise, the general judicial review provision precludes review of orders granting voluntary departure.").

Accordingly, we deny Meyet's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>